UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------- x
TIMOTHY S. PERRY          :          3:08 CV 1044 (JBA)
                          :
V.                        :
                          :
MICHAEL J. ASTRUE         :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION            :          DATE: DECEMBER 9, 2008
---------------------------------------------- x

## RECOMMENDED RULING ON DEFENDANT'S MOTION TO DISMISS AND ON PLAINTIFF'S MOTION FOR REMAND

Plaintiff, Timothy S. Perry, commenced this action on July 14, 2008, seeking review of a decision by the Commissioner of Social Security denying plaintiff's claims for Disability Insurance Benefits ["DIB"] and Supplemental Security Income ["SSI"] disability benefits on grounds that plaintiff's request for a hearing before an Administrative Law Judge ["ALJ"] was untimely. (Dkt. #3).

On September 29, 2008, the Commissioner filed his Motion to Dismiss and brief in support pursuant to 42 U.S.C. § 405(g). (Dkt. #9).[1] Eight days later, plaintiff filed his Motion for Remand for an Evidentiary Hearing and brief in support, and brief in opposition to defendant's Motion to Dismiss (Dkts. ##11, 13)[2], and on October 17, 2008, plaintiff filed his First Amended Complaint. (Dkt. #17; see Dkts. ##12, 15).[3] On October 29,

---

[1] Defendant refers to exhibits attached to his Motion to Dismiss; however, no such exhibits are attached.

[2] The brief attached to Dkt. #11 is the same as Dkt. #13. For ease of reference, citation will be made only to Dkt. #11, Brief.

[3] Although plaintiff's First Amended Complaint (Dkt. #17) refers to Exhs. 1-8 in ¶¶ 5-17, no exhibits were attached. However, the eight exhibits were attached to plaintiff's proposed First Amended Complaint in Dkt. #12. Some of the exhibits were referenced in defendant's Motion to Dismiss, see note 1 supra.

The eight exhibits are as follows: copy of the Notice of Decision from SSA, dated December 8, 2005["12/8/05 Notice of Decision"](Exh. 1); copy of plaintiff's Request for Reconsideration,

2008, defendant filed his brief in opposition to plaintiff's Motion to Remand, and exhibits in support. (Dkts. ##18-19).[4]

For the reasons stated below, defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #9) is **granted** and plaintiff's Motion to Remand for an Evidentiary Hearing (Dkt. #11) is **denied**.

## I. ADMINISTRATIVE PROCEEDINGS

In 2005, plaintiff applied for DIB and SSI benefits (see First Amended Complaint ¶ 4; Dkt. #9, Brief, at 1), for which he was denied on December 8, 2005. (First Amended Complaint ¶ 5 & 12/8/05 Notice of Decision). The notice of denial was sent to 138 Emerald Avenue, Willimantic, Connecticut 06226. (12/8/05 Notice of Decision). On March 13, 2006, plaintiff's applications were denied at the reconsideration level. (First Amended Complaint ¶ 9; Dkt. #9, Brief, at 1). Plaintiff filed a request for a hearing before an ALJ on June 15, 2006. (First Amended Complaint ¶ 12; 6/15/06 Request for Hearing; Dkt. #9, Brief, at 1-2). At that time, plaintiff's address as stated on that request was 100 Brook Street, Apt. 52, Willimantic, Connecticut 06226. (6/15/06 Request for Hearing).

On August 29, 2006, ALJ Michael P. Breton dismissed plaintiff's Request for Hearing on grounds that such request was untimely as the "notice of the reconsidered

---

dated January 5, 2006 (Exh. 2); copy of denial of Request for Reconsideration, dated March 13, 2006 (Exh. 3); copy of plaintiff's Request for Hearing by Administrative Law Judge, dated June 15, 2006["6/15/06 Request for Hearing"](Exh. 4); copy of Notice of Dismissal, dated August 29, 2006 ["Notice of Dismissal"] and copy of Order of Dismissal, also dated August 29, 2006 ["Order of Dismissal"](Exh. 5); copy of correspondence from plaintiff's counsel to ALJ Michael P. Breton, dated October 24, 2006 ["10/24/06 Letter"], and copies of the attached affidavits from counsel's legal assistant Kathleen Cull, sworn to October 23, 2006 ["Cull Aff't"], and from plaintiff, sworn to October 27, 2006 ["Plaintiff's Aff't"](Exh. 6); copy of correspondence from plaintiff's counsel to the Appeals Council, dated October 30, 2006 (Exh. 7); and copy of Notice of Appeals Council Action, dated May 29, 2008 ["Notice of Appeals Council Action"](Exh. 8).

[4]The following exhibits are attached (Dkt. #19): additional copies of the Notice of Dismissal and Order of Dismissal; and another copy of Notice of Appeals Council Action.

2

determination" was sent on March 13, 2006 and plaintiff did not file his request for hearing until June 12, 2006, twenty-six days beyond the prescribed sixty-day period for filing such request. (First Amended Complaint, ¶ 13; Notice of Dismissal; Order of Dismissal). ALJ Breton considered plaintiff's claim that neither he nor his counsel received notice of the reconsideration determination and concluded that "it is not reasonable to assume that the US Postal Service failed in delivering the notices to both claimant and [his] representative." (Order of Dismissal, at 1). ALJ Breton concluded further that there is "no good cause to extend the time for filing," and therefore plaintiff's request for a hearing was dismissed. (Id. at 2).

On October 24, 2006, plaintiff's counsel submitted a request for reconsideration of this dismissal, with affidavits from plaintiff and his legal assistant, in which they assert that neither counsel nor plaintiff received a notice of denial from the Social Security Administration ["SSA"], and that it was not until June 9, 2006, when counsel's legal assistant placed a call to SSA, that she learned that plaintiff's claim was denied on March 20, 2006. (First Amended Complaint, ¶ 14; 10/24/06 Letter; Cull Aff't ¶¶ 8-10; Plaintiff's Aff't ¶ 7). In his affidavit, plaintiff also avers that prior to March 1, 2006, his primary residence was 138 Emerald Avenue, Willimantic, CT 06226, and after March 1, 2006, his primary residence changed to 100 Brook Street, Apt. 52, Willimantic, CT 06226; he completed a change of address form with the U.S. Post Office. (Plaintiff's Aff't ¶¶ 2-4; see also First Amended Complaint, ¶¶ 7-8).

On May 29, 2008, the Appeals Council issued its decision denying plaintiff's request for review of ALJ Breton's August 29, 2006 dismissal of plaintiff's claims. (First Amended Complaint, ¶ 17; Notice of Appeals Council Action). The decision of the Appeals

3

Council was sent to plaintiff at 52 Spring Street, Second Floor, Willimantic, CT 06226, an address at which plaintiff claims he never lived. (Id.).

## II. DISCUSSION

Defendant moves to dismiss plaintiff's complaint on grounds that the ALJ's order of dismissal and the Appeals Council's determination not to review the ALJ's dismissal are not decisions subject to judicial review, and thus this Court lacks jurisdiction over this action. (Dkt. #9, Brief, at 2). Specifically, defendant contends that plaintiff did not exhaust his administrative appeals remedies; 42 U.S.C. § 405(g) authorizes review by this Court only after a claimant has exhausted his administrative remedies; judicial review is limited to the review of a "final decision," as defined by the Commissioner; plaintiff has not alleged a permissible basis for waiver of the exhaustion requirement; and plaintiff has not shown good cause for his untimely filing of his request for a hearing. (Id. at 3-8).

Plaintiff argues that defendant's Motion should be treated as a Rule 12(b)(1) motion seeking dismissal for lack of subject matter jurisdiction, in which the Court must take all facts alleged in the complaint as true, draw all reasonable inferences in favor of plaintiff, and may rely on evidence outside of the pleadings. (Dkt. #11, Brief at 2-3). Further, according to plaintiff, this Court has jurisdiction under 28 U.S.C. § 1361, as a writ of mandamus provides jurisdiction to review otherwise unreviewable procedural issues, and defendant has not given plaintiff an opportunity to rebut the presumption that the Notice of Reconsideration was received by plaintiff five days after its March 13, 2006 date. (Id. at 3-9).

Defendant counters that plaintiff bears the burden of proving subject matter jurisdiction, and absent a final decision by the Commissioner in this case, plaintiff cannot

4

establish this Court's jurisdiction; a writ of mandamus is inappropriate in this action as the Commissioner does not have a nondiscretionary duty to hold a hearing; and while a property interest exists in disability benefits a claimant is currently receiving, such interest does not exist in this case where plaintiff has not been found disabled and has not received benefits. (Dkt. #18, at 1-5).

A. SUBJECT MATTER JURISDICTION

"A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008), quoting Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422 (2007). It is well settled that the burden of proving subject matter jurisdiction rests with the party asserting it, Arar, 532 F.3d at 168 (citations omitted); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)(citation omitted); R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)(citations omitted), and while "the district court may examine evidence outside of the pleadings to make this determination," a showing of jurisdiction is not made by drawing from favorable inferences, as "jurisdiction must be shown affirmatively . . . [by] the party asserting it." Arar, 532 F.3d at 168 (citations & internal quotations omitted).

Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision. 42 U.S.C. 405(g).[5]

---

[5]42 U.S.C. 405(g) reads, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

5

Further, as articulated by Congress, such final decision occurs after a claimant is a party to his or her hearing, and no findings of fact or decision by the Commissioner shall be reviewed except for as provided in the Act. 42 U.S.C. § 405(h). While Congress does not define the term "final decision," "its meaning is left to the [Commissioner] to flesh out by regulation," and the Commissioner has specified such requirements for administrative exhaustion. Weinberger v. Salfi, 422 U.S. 749, 766 (1975)(footnote omitted); see 42 U.S.C. § 405(a)("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, . . . which are necessary or appropriate to carry out such provisions . . . ."). The principal of exhaustion is an important one, as exhaustion

> is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger, 422 U.S. 765 (citation omitted).

The Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. If a claimant is "dissatisfied with the initial determination," he may request reconsideration, 20 C.F.R. § 404.907, and if he is still dissatisfied with the reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The subsequent decision by the Appeals Council is the final decision of the Commissioner;

6

thus, a claimant may then seek judicial review by filing an action in a federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981.

In this case, plaintiff was denied benefits at the initial determination stage, at which time, plaintiff, within sixty days after the date he received notice of the initial determination, filed his request for reconsideration. 20 C.F.R. § 404.909(a)(1). On March 13, 2006, plaintiff's applications were denied at the reconsideration level. (First Amended Complaint ¶ 9; Dkt. #9, Brief, at 1). Plaintiff then had sixty days "after the date [he] receive[d] notice of the previous determination or decision" within which to request a hearing before an ALJ. 20 C.F.R. § 404.933(b)(1). The Social Security Regulations allow a claimant who has a right to a hearing, but who does not request one in time, to ask for more time to make such request; the request must be made in writing and must include the reasons why the request for a hearing was not filed in time. 20 C.F.R. § 404.933(c). The time period for filing such request will be extended if good cause is shown. Id. Good cause may include, inter alia, not receiving notice of the determination or decision. 20 C.F.R. § 404.911(b)(7).

The Regulations create a rebuttable presumption that receipt of the denial occurred five days after the date of the notice, or in this case, a rebuttable presumption that receipt occurred on March 17, 2006. See 20 C.F.R. § 404.901. According to plaintiff, he may only rebut this presumption if he is given an opportunity to present evidence at a hearing before an ALJ. (Dkt. #11, Brief at 5-6). However, neither the Regulations nor case law support such a position. Rather, a written request including the reasons why the request for the hearing was not filed in time, along with an affidavit in support, may

7

suffice to rebut the presumption when the request and affidavit establish good cause. See Sinatra v. Heckler, 566 F. Supp. 1354, 1359-60 (E.D.N.Y. 1983)(citation omitted). In this case, plaintiff's untimely request for the hearing was not accompanied by affidavits.[6] Plaintiff submitted to ALJ Breton that the reason for his late filing was that neither he nor his legal counsel received copies of the denial determination. (See Order of Dismissal, at 1). Based on the evidence presented by plaintiff and his counsel in the June 15, 2006 request for a hearing, ALJ Breton concluded that good cause was not shown as "[i]nasmuch as [plaintiff's counsel] was on copy for the reconsideration determination, it is not reasonable to assume that the US Postal Service failed in delivering the notices to both claimant and representative." (Id.).

Absent a showing of good cause, ALJ Breton dismissed plaintiff's claim, after which plaintiff timely sought reconsideration and sought review by the Appeals Council, which review was later denied. See 20 C.F.R. § 404.960.[7] The good cause determination was already made in accordance with SSA regulations. A hearing was never held and most importantly, no final decision entered. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's claim.

---

[6] Plaintiff did not submit his affidavit and the affidavit of his counsel's legal assistant to ALJ Breton until October 24, 2006, when plaintiff sought reconsideration of ALJ Breton's dismissal of plaintiff's claim on grounds that the request for a hearing was untimely and good cause was not shown.

[7] 20 C.F.R. § 404.960 reads that a claimant, within sixty days of a notice of dismissal, may request in writing that a dismissal of a request for hearing before an administrative law judge be vacated. The claimant must show good cause why the hearing request should not have been dismissed. Noticeably absent from this Regulation is a right to present evidence of good cause in a hearing. See also 20 C.F.R. § 404.933(c). To the contrary, a good cause determination may be made based on written submissions of the claimant.

The cases cited by plaintiff, including Matsibekker v. Heckler, 738 F.2d 79, 81-82 (2d Cir. 1984), are all distinguishable.

## B. WRIT OF MANDAMUS

In limited cases, federal courts have assumed jurisdiction over Social Security cases where the exhaustion requirements have not been met. Dietsch v. Schweiker, 700 F.2d 865, 867 (2d Cir. 1983). As stated above, plaintiff argues that this Court has jurisdiction under 28 U.S.C. § 1361 as this is not a claim on the merits of plaintiff's application for DIB and SSI, but rather is a procedural issue wholly collateral to the merits of his claim for benefits. (Dkt. #11, Brief at 4-5). A writ of mandamus is appropriate when a party's challenge is procedural and is unrelated to the merits of the claim; the Commissioner would be compelled to perform a duty owed to the party; and the party has no other avenue for relief. Dietsch, 700 F.2d at 868; see Stein v. KPMG, LLP, 486 F.3d 753, 759-60 (2d Cir. 2007)(citation omitted). A writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616-17 (1984)(multiple citations omitted). As the Second Circuit has cautioned, "[t]he writ is, of course, to be used sparingly." Stein, 486 F.3d at 760.

While this Court agrees that plaintiff's claim is procedural in nature, the Commissioner does not owe plaintiff a clear nondiscretionary duty to provide him with a hearing on the issue of whether his request was timely filed. As discussed at length above in Section II.A supra, the Regulations state that a claimant who has a right to a hearing, but who does not request one in time, may submit a written request for more time, including the reasons why the request for the hearing was not filed in time. 20 C.F.R. § 404.933(c). According to the Regulations, the time period for filing such request will be extended if good cause is shown, id., and if a request is denied, thereby

dismissing a claim, the Regulations state that a party may request in writing to have such dismissal vacated. 20 C.F.R. § 404.960. The Regulations do not refer to a right to a hearing in such a case.[8] Accordingly, this Court follows the "traditional reluctance" to resort to issuing a writ of mandamus, thereby waiving the exhaustion requirement, as this Court is not satisfied that a writ of mandamus is appropriate in this case. Stein, 486 F.3d at 760.

### III. CONCLUSION

For the reasons stated above, defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. #9) is granted and plaintiff's Motion to Remand for an Evidentiary Hearing (Dkt. #11) is denied.

The parties are free to seek the district judge's review of this recommended ruling. See 28 U.S.C. §636(b)**(written objection to ruling must be filed within ten days after service of same)**; FED. R. CIV. P. 6(a), 6(e), & 72; Rule 2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated this 9th day of December, 2008, at New Haven, Connecticut.

/s/Joan Glazer Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[8]Plaintiff's argument relating to his right to a hearing as he has a Fifth Amendment property interest in his benefits is misplaced, as such right exists when a party is a recipient of benefits, receipt of which gives rise to such property interest; in this case, plaintiff has applied for benefits but has not received benefits. See Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976).

10