UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Timothy S. Perry,<br>    *Plaintiff*,<br><br>    v.<br><br>Michael J. Astrue, Commissioner of Social Security,<br>    *Defendant*. | Civil No. 3:08cv1044 (JBA)<br><br><br><br>January 7, 2010 |

RULING ON OBJECTION TO RECOMMENDED RULING [Doc. # 23],
MOTION TO DISMISS [Doc. # 9], and MOTION TO REMAND [Doc. # 11]

In this case, brought under 42 U.S.C. §§ 405(g) and 1383(c)(3) and 28 U.S.C. § 1361, Plaintiff Timothy S. Perry challenges the decision by the Commissioner of Social Security that his request for a hearing before an Administrative Law Judge ("ALJ") on his claim for benefits was untimely. Defendant moved to dismiss for lack of jurisdiction, and Plaintiff moved to remand to the ALJ for an evidentiary hearing on the timeliness of Plaintiff's request for a hearing and existence of grounds excusing late filing, requesting mandamus-type relief directed to the ALJ. The motions were referred to Magistrate Judge Joan Glazer Margolis, who issued a Recommended Ruling recommending that the motion to dismiss be granted and that the motion to remand be denied. (Re. Rul. [Doc. # 23].) Plaintiff objects to this Recommended Ruling on the grounds that denying him an evidentiary hearing or "comparable fact-finding process" (Pl.'s Mem. Supp. [Doc. # 27] at 6) denies him the opportunity to rebut the presumption of untimeliness, thus resulting in an impermissible irrebuttable presumption.

I.     Background

The Court presumes familiarity with the Magistrate Judge's Recommended Ruling, in which the factual background is described at length. The following summarizes the relevant facts.

In 2005, Mr. Perry applied to the Social Security Administration ("SSA") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), claiming that he had been totally disabled and unable to work since December 2002 because of a combination of illnesses and ailments. (Am. Compl. [Doc. # 17] at ¶¶ 3, 5.[1]) His application was denied on its merits on December 8, 2005, in a Notice addressed to his address of record at 138 Emerald Avenue, Willimantic, Conn., 06226. (*Id.* at ¶ 5.)[2] Mr. Perry then requested reconsideration of the SSA's denial on January 5, 2006, pursuant to 20 C.F.R. § 404.907, which allows applicants who "are dissatisfied with the initial determination" to seek reconsideration, which "is the first step in the administrative review process that [the SSA] provide[s]."

---

[1] The Amended Complaint makes reference to eight exhibits. Plaintiff failed to attach these exhibits to the Amended Complaint as filed, but they are attached to the Amended Complaint as proposed in his Motion for Leave to Amend Complaint [Doc. # 12], which the Court granted. For ease and convenience, and in the absence of any objection to Plaintiff's omission, the court refers to these documents as exhibits to the Amended Complaint as filed.

[2] The SSA explained in its December 8, 2005 denial that Mr. Perry was required to attend a examination to confirm his disability, but he never attended the scheduled examination, and the existing record was insufficient to show that he is disabled. (SSA Notice of Decision, Ex. 1 to Am. Compl., at 1.)

This request for reconsideration was then denied,[3] and notification was mailed to Plaintiff's address of record on March 13, 2006.  (Am. Compl. at ¶¶ 8–9.)  However, Mr. Perry apparently had moved on March 1, 2006, and he alleges that neither he nor his attorney, Michael Magistrali, ever received the notice of denial of the request for reconsideration.  (*Id.* at ¶ 10.)  He claims Mr. Magistrali first learned of the denial on June 9, 2006 from conversation with a representative in the SSA office in Willimantic.

On June 15, 2006, Mr. Perry filed a request for a hearing before an ALJ to review the denial of benefits, more than sixty days after the issuance of the March 13 reconsideration denial.  (*Id.* at ¶ 12.)  On August 29, 2006, ALJ Michael P. Breton dismissed the request for hearing as untimely, despite recognizing in his Order of Dismissal that "[t]he reason for the late filing, as stated by the claimant, was that neither he nor his representative, Attorney Michael Magistrali, received copies of the denial determination." (Order of Dismissal, Ex. 5 to Am. Compl., at 3.)  ALJ Breton explained that "[i]nasmuch as Attorney Magistrali was on copy for the reconsideration determination, it is not reasonable to assume that the US Postal Service failed in delivering the notices to both claimant and representative." (*Id.* at 3.)  On October 24, 2006, Mr. Magistrali requested that ALJ Breton "reconsider his dismissal,"[4] submitting affidavits from his legal assistant Kathleen Cull and from Mr. Perry,

---

[3] The SSA denied reconsideration of Mr. Perry's claim, on its merits, on the basis that while Mr. Perry "may experience discomfort, the evidence shows [he is] still able to move about and to use phis[ arms, hands and legs in a satisfactory manner."  (Notice of Reconsideration, Ex. 3 to Am. Compl. at 1.)  The SSA determined that Mr. Perry's "condition prevents [him] from doing [his] past job, but it does not prevent [him] from doing other work."  (*Id.* at 1.)

[4] Although Mr. Magistrali's request was articulated as a request for "reconsid[ation]," the only regulation allowing an ALJ to review his own dismissal is 20 C.F.R. § 404.960, which permits an ALJ or the Appeals Council to "vacate any dismissal" upon a showing of "good

attesting to their lack of receipt of SSA's denial of reconsideration.  (Ex. 6 to Am. Compl.)  Six days later, and before ALJ Breton acted on this "request for reconsideration" of dismissal, on October 30, 2006, Mr. Perry appealed the dismissal to the SSA Appeals Council.  (Am. Compl. ¶ 16.)  This appeal was denied on May 29, 2008, on the grounds that Mr. Perry never informed the SSA of a change in his mailing address, and "[t]here is also no logical reason for the Post Office to fail delivery of mail to [his] representative, whose address has not changed during the course of these proceedings."  (Notice of Appeals Council Action, Ex. 8 to Am. Compl. at 2.)  Mr. Perry then filed this action to challenge the decisions of ALJ Breton and the SSA Appeals Council.

II.     Standard

Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 72.2(b), the portions of the Magistrate Judge's decision objected to by Plaintiff are reviewed *de novo*, and any part or the entirety of the Recommended Ruling may be adopted, rejected, or modified.

III.    Discussion

Plaintiff objects to Magistrate Judge Margolis's Recommended Ruling on two grounds.  First, Plaintiff objects to her recommendation that the motion to dismiss be granted, because, in affirming the dismissal for untimeliness without hearing, the Magistrate Judge in effect created an "irrebuttable presumption" that he received notice of the SSA's March 13, 2006 reconsideration denial, precluding his ability to establish good cause for any delay in his June 15, 2006 request for a hearing before ALJ Breton.  (Pl.'s Mem. Supp. at 3–4.)  Second, Plaintiff objects to the recommendation that his motion for remand be denied, on the grounds that because ALJ Breton never ruled on his October 24, 2006 request for

---

cause why the hearing request should not have been dismissed."

4

reconsideration of dismissal, supported by affidavits attesting to non-receipt of notice, the ALJ has failed to make the required factual determination and should be compelled to do so by mandamus under 28 U.S.C. § 1361. (Pl.'s Mem. Supp. at 6.)

      A.      Defendant's Motion to Dismiss

In her Recommended Ruling, Magistrate Judge Margolis concluded that Defendant's motion to dismiss, brought under 42 U.S.C. § 405(g), which grants district courts jurisdiction over "any final decision of the Commissioner of Social Security made after a hearing to which he was a party," should be dismissed because the Court lacks subject matter jurisdiction to adjudicate Plaintiff's claim as no "final decision" had been reached by the SSA. (Rec. Rul. at 8.) Although not central to her recommendation, Magistrate Judge Margolis explained that it was determined by the ALJ and Appeals Council that Mr. Perry failed to rebut the presumption that he lacked good cause for the delay in requesting a hearing on the merits before ALJ Breton. (Rec. Rul. at 7, 8.) In objection to the Recommended Ruling, Mr. Perry fails to address the central issue of the Court's lack of subject matter jurisdiction but instead objects to the Recommended Ruling on the grounds that Defendant did not afford him a fair opportunity, in the form of a hearing, to rebut the presumption that he received notice of the SSA's denial of his January 5, 2006 request for reconsideration. (Pl.'s Mem. Supp. at 3). Mr. Perry's objection misses the point that his assertion of denial of right to a hearing is not a "final decision" and is not reviewable by a federal district court.

A "final decision" by the SSA is "a statutorily specified jurisdictional prerequisite" to review in federal court. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975).[5] If a claimant's request is dismissed during the SSA's administrative process because it was untimely filed, that dismissal does not constitute a "final decision" and is not subject to judicial review. *Dietsch v. Schweiker*, 700 F.2d 865, 867 (2d Cir. 1983) (dismissal of request for review by Appeals Council, which was received one day late, is not reviewable); *see also Matlock v. Sullivan,* 908 F.2d 492, 494 (9th Cir. 1990) ("[P]ermitting claimants to obtain judicial review of denials of their requests for extensions of time would frustrate Congress' intent to forestall belated litigation of stale claims."); *Jones v. Astrue*, 526 F. Supp. 2d 455, 459–60 (S.D.N.Y. 2007) (dismissal by Appeals Council of untimely request for review after nearly four years "ostensibly foreclosed plaintiff's avenues for administrative review," but "did not constitute a final decision within the meaning of § 405(g)") (citing *Dietsch*, 700 F.2d at 867).

ALJ Breton's denial of Mr. Perry's request for a hearing as untimely, and the Appeals Council's subsequent denial of Plaintiff's request for vacatur of that decision, are not subject

---

[5] The regulations promulgated by the SSA implementing 42 U.S.C. § 405 create a four-step process that a claimant must undertake before a decision rendered by the SSA is a final decision. 20 C.F.R. § 404.900(a)(1)–(5). When an individual claims an entitlement to benefits, he is given an initial determination, based on the preponderance of the evidence, and subject to review. 20 C.F.R. § 404.902. If the claimant is dissatisfied with the initial determination, he can request reconsideration. 20 C.F.R. § 404.907. If he is dissatisfied with the outcome of his request for reconsideration, the claimant can, within sixty days of receiving notice of the reconsideration decision, request a hearing before an ALJ. 20 C.F.R. §§ 404.929, 404.933. Finally, if the claimant chooses, he may request that the SSA Appeals Council review either the ALJ's decision based on the hearing or dismissal of a hearing request. 20 C.F.R. § 404.967. The Appeals Council "may deny or dismiss the request for review, or it may grant the request and either issue a decision or remand the case to an administrative law judge." *Id.* Only after the Appeals Council denies or dismisses a request for review on its merits is it a final decision. 20 C.F.R. § 404.981.

6

to judicial review, as neither constituted a final decision. Thus, regardless of Plaintiff's view that the Recommended Ruling created, in effect, an improper irrebuttable presumption that Mr. Perry or his attorney of record received notice that his request for reconsideration was denied,[6] the Court lacks jurisdiction to review the Appeals Council's decision pursuant to 42 U.S.C. § 405(g), and the motion to dismiss is granted.

---

[6] Even if this Court had subject matter jurisdiction to review the denial of Mr. Perry's request for a hearing on the merits of his benefits application, his objection would still be overruled because he was afforded the opportunity as provided for in the SSA regulations to present evidence for good cause and rebut the presumption that he had timely notice of his reconsideration denial. A claimant for social security benefits who seeks a hearing before an ALJ to review a denied request for reconsideration must file such a request "within 60 days after the date [he] receive[s] notice of the previous determination or decision," 20 C.F.R. § 404.933(1), and an ALJ may dismiss a hearing request if the applicant "did not request a hearing within the stated time period and [the SSA] has not extended the time for requesting a hearing under § 404.933(c)," *id.* § 404.957(c)(3). Either the Appeals Council or an ALJ may vacate an earlier dismissal if the claimant "request[s] that the dismissal be vacated and show[s] good cause why the hearing request should not have been dismissed." *Id.* § 404.960. These regulations do not provide for a claimant's right to a hearing on his evidence of good cause for his delay in requesting a hearing on the underlying merits of his benefits claim.

In his August 29, 2006 dismissal of Mr. Perry's request for a hearing, ALJ Breton laid out for Mr. Perry the appeals process and stated that Plaintiff could "submit evidence to show why [he] think[s] [ALJ Breton] should not have dismissed [the] request for hearing." (Order of Dismissal at 2.) Mr. Perry's October 24, 2006 request that ALJ Breton vacate the earlier hearing dismissal and his October 30, 2006 appeal to the Appeals Council were both accompanied by affidavits stating Plaintiff's claim of good cause for the delay and explanation of why he should be given an extension of time. Yet the Appeals Council was not persuaded that his explanation constituted good cause, because no explanation was provided why the attorney of record would not have received notice. That neither the ALJ nor the Appeals Council afforded him an evidentiary hearing to further explain his delay before dismissal does not demonstrate that he was denied an opportunity to present evidence to establish good cause and rebut the presumption that he received timely notice. Rather, this opportunity was afforded by review of Plaintiff's written requests for a hearing and for vacatur of his hearing dismissal, on the basis of which it was determined that the evidence he provided was not sufficiently "plausible" to show good cause.

B.	Plaintiff's Motion to Remand

Plaintiff also moved for remand to the ALJ for an evidentiary hearing, pursuant to 28 U.S.C. § 1361, under which "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Magistrate Judge Margolis recommended denying this motion because the Social Security Commissioner does not "owe [P]laintiff a clear nondiscretionary duty to provide him with a hearing on the issue of whether his request was timely filed." (Rec. Rul. at 9.)  Mr. Perry argues that he requested that the ALJ vacate the dismissal of his hearing request on October 24, 2006 and never received a response.  Plaintiff argues that a writ of mandamus is appropriate here because more than two years have passed without action from ALJ Breton.  (Pl.'s Mem. Supp. at 6.)

Mandamus is "an extraordinary remedy," and "[a] party who seeks a writ of mandamus must show a clear and indisputable right to its issuance." *Escaler v. United States Citizenship & Immigration Servs.*, 582 F.3d 288, 292 (2d Cir. 2009) (internal quotations omitted).  Mr. Perry's motion requesting writ of mandamus may only be granted if "he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984).

Six days after Mr. Perry requested that ALJ Breton vacate the hearing request dismissal, Plaintiff requested that the Appeals Council review the ALJ's earlier decision, which it has authority to do under 20 C.F.R. §§ 404.960 and § 404.967.  The second of these regulations provides: "If [the claimant] or any other party is dissatisfied with the hearing decision or with the dismissal of a hearing request, [he] may request that the Appeals Council review that action. The Appeals Council may deny or dismiss the request for review,

or it may grant the request and either issue a decision or remand the case to an administrative law judge." The Appeals Council's ruling denying Mr. Perry's request for review of the ALJ's decision addressed the same question pending before ALJ Breton and the same request for relief, rendering moot Mr. Perry's request for vacatur before ALJ Breton. Thus, there is no issue pending before ALJ Breton requiring his action. The Appeals Council has fulfilled its obligations to Mr. Perry, and ALJ Breton owes him no unfulfilled nondiscretionary duties. Therefore, Plaintiff's objection is overruled, and his motion for remand is denied.

IV.     Conclusion

The Court OVERRULES Plaintiff's Objections to the Recommended Ruling [Doc. # 24]. Accordingly, Defendant's Motion to Dismiss [Doc. # 9] is GRANTED, and Plaintiff's Motion to Remand for an Evidentiary Hearing [Doc. # 11] is DENIED. The Clerk is directed to close the case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 7th day of January, 2010.